# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN L. BAKER, | |
| Petitioner, | Civ. No. 14-370 (PGS) |
| v. | |
| UNITED STATES OF AMERICA, | **MEMORANDUM AND ORDER** |
| Respondent. | |

Petitioner Steven L. Baker ("Petitioner" or "Baker") is proceeding through counsel with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On December 18, 2019, this Court denied most of Baker's claims. (*See* ECF 43 & 44). However, this Court noted that it would conduct an evidentiary hearing on two of Baker's claims; namely:

1. That counsel was ineffective for rejecting a plea offer from the government without first conveying the offer to Baker; and

2. That counsel gave Baker the incorrect criminal history category score of IV when his criminal history category score was III prior to rejecting a plea offer.

The evidentiary hearing on these two remaining claims is set for Tuesday, March 31, 2020.

On March 6, 2020, Baker's counsel submitted a letter in which she seeks to expand the scope of the March 31, 2020 evidentiary hearing beyond these two remaining claims. (*See* ECF 47). Most notably, the letter states as follows:

> There is evidence to suggest that trial counsel gave Mr. Baker incorrect advice about the "stacking" sentences of multiple 18 U.S.C. § 924(c) counts, and that she did not tell him that he faced, if convicted of all three of those counts at trial, a *mandatory minimum* term of imprisonment of 57 years.

(ECF 1 at 1). Baker's counsel states that she seeks to develop the record on this issue at the March 31, 2020 hearing. (*See id.* at 2).

Baker's March 6, 2020 letter is seeking to amend his § 2255 filing. At the outset, this Court notes that attempting to amend his § 2255 filing via letter rather than by a motion to amend is questionable from a procedural standpoint at best. Nevertheless, even if this Court were to overlook this procedural issue, there are still one overriding issue that needs to be resolved before this Court would even entertain Baker's request to develop the record on this claim at the March 31, 2020 evidentiary hearing; most notably, whether raising this claim now is timely.

As the Third Circuit has noted:

> Pursuant to Rule 15(c), an amendment that is otherwise untimely "relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The Supreme Court has cautioned that courts should not interpret "conduct, transaction, or occurrence" in such a broad manner so as to construe essentially all amendments as permissible under the relation-back doctrine. *See Mayle v. Felix*, 545 U.S. 644, 656–57, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). For example, in the habeas context, the Supreme Court has refused to interpret "conduct, transaction, or occurrence" as broadly encompassing a "habeas petitioner's trial, conviction, or sentence," reasoning that "[u]nder that comprehensive definition, virtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto." *Id.* Instead, it has counseled that an amendment relates back to a habeas petition under Rule 15(c) "[s]o long as the original and amended petitions state claims that are tied to a *common core of operative facts*." *Id.* at 664, 125 S. Ct. 2562 (emphasis added).
>
> In "search[ing] for a common core of operative facts in the two pleadings," *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004), courts should remain aware that "the touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that 'a party who has been notified of litigation concerning

2

> a particular occurrence has been given all the notice that statutes of limitations were intended to provide,'" *Glover v. FDIC*, 698 F.3d 139, 146 (3d Cir. 2012). "Thus, only where the opposing party is given 'fair notice of the general fact situation and the legal theory upon which the amending party proceeds' will relation back be allowed." *Glover*, 698 F.3d at 146 (quoting *Bensel*, 387 F.3d at 310). For example, we have held that "amendments that restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction[,] or occurrence in the preceding pleading fall within Rule 15(c)" because the opposing party will have had sufficient notice of the circumstances surrounding the allegations contained in the amendment. *Bensel*, 387 F.3d at 310.

*United States v. Santarelli*, 929 F.3d 95, 101 (3d Cir. 2019).

Prior to letting Baker proceed at the evidentiary hearing on his claim that counsel was ineffective for failing to disclose the stacking provisions of 924(c), this Court wishes to hear from the parties whether bringing such a claim is: (1) timely; and (2) relates back. Upon reviewing the record, this Court is skeptical as to the timeliness of this claim, particularly in a case like this where Baker had counsel as far back as 2016 in this action, but only raised this ineffective assistance of counsel issue on the eve of the evidentiary hearing on two other ineffective assistance of counsel claims.

Accordingly, IT IS this __10__ day of March, 2020,

ORDERED that Respondent shall file a response to Petitioner's March 6, 2020 letter (ECF 47) on or before March 17, 2020; Respondent's response shall specifically address whether Petitioner's request to expand the scope of the March 31, 2020 evidentiary hearing as stated in the March 6, 2020 letter is timely and whether it relates back to Petitioner's § 2255 filing; and it is further

ORDERED that Petitioner may file a reply to Respondent's response on or before March 24, 2020.

／s／ Peter G. Sheridan
PETER G. SHERIDAN
United States District Judge